IN RE CONTEMPT OF COMMON PLEAS COURT, PROBATE DIVISION.

[Cite as In re Contempt of Court (1972), 30 Ohio St. 2d 182.]

(No. 71-466—Decided May 24, 1972.)

185

*Messrs. Hoppe, Frey, Hewitt & Milligan, Mr. John T. Milligan* and *Mr. Ned C. Gold, Jr.,* for appellee.

*Mr. Rankin Gibson* and *Mr. Donald R. Ford,* for appellants.

BROWN, J. This appeal involves the validity of appellants' convictions for contempt of court arising from their refusal as members of the Board of County Commissioners of Trumbull County to obey an order of the Probate Judge compelling them, in substance, to increase the appropriation for compensation of Probate Court employees and to authorize payment thereof.

The relationship between the various local courts of this state and their respective county commissioners, as concerns matters of finance, has on occasion been fraught with controversy concerning determination of a court's yearly operating appropriations (*State, ex rel. Ray,* v. *South* [1964], 176 Ohio St. 241), and, specifically, with appropriations for employees of the Probate Court (see *State, ex rel. Motter,* v. *Atkinson* [1945], 146 Ohio St. 11).

Rarely, as in this case, has a court sought on its own leave to resolve such a dispute by resorting to contempt proceedings, wherein county commissioners are put in jeopardy of criminal, as well as civil, sanctions. Accordingly, we will examine: (1) The authority under which the contempt proceedings were convened, and (2) the propriety of the proceedings in light of a more appropriate alternative civil remedy.

I.

The contempt jurisdiction of the Probate Division of

the Court of Common Pleas is established by R. C. 2101.-23, which, in pertinent part, provides:

" * * * The probate judge may punish any contempt of his authority as such contempt might be punished in the Court of Common Pleas.

"If a person neglects or refuses to perform an order or judgment of a Probate Court, *other than for the payment of money,* he shall be guilty of a contempt of court * * *." (Emphasis supplied.)

The first part of R. C. 2101.23, set forth above, confers upon the probate judge the same contempt powers which are enjoyed by the other judges of the Court of Common Pleas, subject to the express limitation in instances where the court seeks performance of an order or judgment for the payment of money.

Appellants were apparently charged with violation of the "indirect contempt" statute, R. C. 2705.02, since a written charge was filed, a hearing was had and penalties were assessed, all as provided by statute. In *State* v. *Local Union 5760* (1961), 172 Ohio St. 75, at page 79, this court stated:

"Violation of the former statute (Section 2705.01) is regarded as 'direct contempt' or 'active contempt' of court whereas violation of the latter statute (Section 2705.02) is considered to be 'indirect contempt' or 'constructive contempt' of court. The former statute simply represents a codification of the law of contempt as it exists at common law. When the charge is direct contempt, that is, an act committed in the 'presence of the court,' the contemnor may be proceeded against summarily by the court without the necessity of a written charge or a hearing as is required in cases arising under the indirect contempt statute (Section 2705.02, *supra*, Revised Code). *In re Matter of Lands,* 146 Ohio St., 589, 67 N. E. (2d), 433. In addition, the penalties assessed for violations of the indirect contempt statute are prescribed by the Code (Section 2705.-05, Revised Code). But Section 2705.05 does not apply to offenses under the direct contempt statute. *Myers* v. *State,*

46 Ohio St., 473, 22 N. E. 43, 15 Am. St. Rep., 638. However, it is provided by statute that when the contempt consists of the omission to do an act which the accused can yet perform, he may be imprisoned until he performs it. Section 2705.06, Revised Code.''

We find, from an examination of the record, that the appellants' refusal, in the presence of the judge, to increase the Probate Court payroll did not constitute direct contempt since such refusal was not misbehavior that would of itself obstruct the due and orderly administration of justice under R. C. 2705.01; *In re Lands* (1946), 146 Ohio St. 589, 595. Nor does it appear to be a contempt under R. C. 2101.23.

In *White* v. *Gates* (1884), 42 Ohio St. 109, it was determined that a Probate Court may not use the contempt power conferred by the former R. S. 5481 to compel the payment of money to one claimant when another private party claimant is asserting a right to those funds. As stated in that opinion, at page 112:

'' * * * And while the judge may order the person having the property, to deliver the same to a receiver, although the person so having possession claims to own it, the judge has no power to enforce the order as for a contempt, however plain it may seem to him that such claim of ownership is wholly unfounded; but the receiver must resort to the ordinary remedy by action. In so holding we are supported by *Union Bank* v. *Union Bank,* 6 Ohio St. 254; *Edgarton* v. *Hanna,* 11 Ohio St. 323. Indeed, on principle, as well as by the statute (Rev. Stat. 4948), the power of the probate judge to imprison in proceedings in aid of execution, should be strictly construed.'' See, also, *White* v. *Gates* (1884), 42 Ohio St. 109.

A contempt proceeding is not a criminal action or proceeding in a strict sense, being governed by statutes outside the criminal code. It is a special proceeding which may be criminal in character. Because contempt proceedings affect personal liberty, the proceedings and the statutes governing them must be strictly construed. *State* v.

*Local Union 5760, supra* (172 Ohio St. 75), at page 83; *White* v. *Gates, supra* (42 Ohio St. 109). Although the present cause does not constitute either a proceeding-in-aid of execution or an action between private-party claimants as in *White,* the language of R. C. 2101.23, restricting the indirect contempt jurisdiction of the Probate Division to ''other than for the payment of money,'' is explicit, broad and unqualified so as to cover all instances where payment of money is desired—irrespective of whether the party seeking payment is the court itself and regardless of the nature of the underlying cause of action.

## II.

We now turn to consider the applicability of an alternative form of recourse.

R. C. 2101.11 provides:

''* * * The Board of County Commissioners shall appropriate such sum of money each year as will meet all the administrative expense of the court which the [probate] judge deems necessary for the operation of the court, including the salaries of such appointees as the judge determines. The total compensation paid to the appointees in any calendar year shall not exceed the total fees earned by the court during the preceding calendar year, unless approved by the board.''

That provision is mandatory, and it is the duty of county commissioners to make appropriations for such purposes accordingly. *State, ex rel. Ray,* v. *South* (1964), 176 Ohio St. 241; *State, ex rel. Motter,* v. *Atkinson, supra* (146 Ohio St. 11).

Furthermore, in *State, ex rel. Motter,* v. *Atkinson,* at page 14, it is stated that:

''In the opinion of this court this statute [G. C. 10501-5, now R. C. 2101.11] is mandatory and gives the compensation of appointees of the court budgetary preference within the total fees earned during the preceding calendar year * * *.

'' * * *

''The hardship, if any, visited upon the operation of

the other county offices through lack of funds resulting from the appropriation of the amounts requested by the probate judge for the operation of his offices, is a matter over which he has no control, but is wholly within province of the General Assembly.''

It is therefore clear that in the present case appellants have a mandatory duty to appropriate funds for compensation of Probate Court employees equal to the fees earned in the preceding year, regardless of the county's overall financial condition, regardless of the hardship visited upon other county offices, and regardless of any budgetary upheavals or delays engendered by the above priority.

This controversy presents a typical situation for use of the remedy of mandamus which, under the common law, as restated in R. C. 2731.01, commands the performance of an act specially enjoined by law as a duty resulting from an office, trust or station. *State, ex rel. Selected Properties,* v. *Gottfried* (1955), 163 Ohio St. 475; *State, ex rel. Van Harlingen,* v. *Board of Edn.* (1922), 104 Ohio St. 360; *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402; *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. We hold that, in the circumstances of the instant case, a mandamus action before the Court of Appeals pursuant to R. C. 2731.02, and not an action for contempt of court, is the appropriate means of enforcing performance of the provisions of R. C. 2101.11. *Cf. State, ex rel. Ray,* v. *South, supra* (176 Ohio St. 241); *State, ex rel. Motter,* v. *Atkinson, supra* (146 Ohio St. 11).

The adoption of such a rule provides for adversary adjudication before an impartial tribunal, wherein the rights and roles of the respective parties may be clearly delineated. A reading of the record herein indicates that appellants and their counsel were justifiably confused by the fact that, due to the inherent nature of contempt proceedings in general, the judge was required to serve both as presiding judge and as the *ex parte* legal representative and advocate of the Probate Court employees. The record

shows that the judge was, in fact, predisposed against appellants, and that as a result he did not allow them to fully develop a defense such as they would have been permitted to do in a mandamus action before an independent court.

The writ of mandamus is an extraordinary remedy, and R. C. 2731.05 expressly provides that the writ must not be issued when there is a plain and adequate remedy in the ordinary course of the law. The inappropriate remedy of contempt of court proceedings in the present case typifies an instance where an action in mandamus is proper and required.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and defendants discharged.

*Judgment reversed.*

SCHNEIDER, CORRIGAN and STERN, JJ., concur.
O'NEILL, C. J., HERBERT and LEACH, JJ., dissent.