CITY OF CINCINNATI, APPELLEE, *v.* THOMAS SOFT ICE CREAM, INC., APPELLANT.

(No. 77-67—Decided November 23, 1977.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Mr. Robert H. Johnstone, Jr.,* for appellee.

*Messrs. Jacobs, Kleinman, Martin & Seibel* and *Mr. Kenneth F. Seibel,* for appellant.

CELEBREZZE, J. Appellant is correct in its contention that the General Assembly may limit the time within which an action may be brought in the courts of this state, even where such action is based upon the alleged violation of a municipal ordinance. In *Akron* v. *Smith* (1968), 14 Ohio St. 2d 247, this court held that a municipal ordinance could

not extend the period of time, within which an income-tax related offense could be prosecuted, beyond the statute of limitations specified by the General Assembly for the prosecution of any offense made punishable by a municipal ordinance. Our holding in *Akron* is, however, inapposite to the situation presently before the court.

It will be observed that the period of limitation designated in the municipal ordinance here under dispute is identical to the statute of limitations set forth in R. C. 718.-06(B),[2] which section is codified in the municipal income tax chapter. Therefore, the sole issue presented by the instant appeal is whether R. C. 2901.13(A)(2) or 718.06(B) is controlling as to the time within which a prosecution must be commenced for an alleged failure to file a municipal income tax return.

In essence, it is appellant's position that R. C. 718.06 (B), effective July 25, 1969, was impliedly repealed by the enactment of R. C. 2901.13(A)(2), effective July 1, 1974. This argument runs contrary to a long-standing rule of statutory interpretation, which provides that courts will not hold prior legislation to be impliedly repealed by the enactment of subsequent legislation unless the subsequent legislation clearly requires such a holding. *Ludlow* v. *Johnston* (1828), 3 Ohio 553, states, at page 564:

"* * * When the provisions of two statutes are so far inconsistent with each other that both can not be enforced, the latter must prevail. But if, by any fair course of reasoning, the two can be reconciled, both shall stand. When the legislature intend to repeal a statute, we may, as a general rule, expect them to do it in express terms, or by the use of words which are equivalent to an express repeal.

---

[2] R. C. 718.06(B) provides:

"Prosecutions for an offense made punishable under a municipal ordinance imposing an income tax shall be commenced within three years after the commission of the offense, provided that in the case of fraud, failure to file a return, or the omission of twenty-five per cent or more of income required to be reported, prosecutions may be commenced within six years after the commission of the offense."

No court will, if it can be consistently avoided, determine that a statute is repealed by implication." Accord, *Lucas County Commrs.* v. *Toledo* (1971), 28 Ohio St. 2d 214, 217.

It is understandable that courts disfavor repeals by implication, since it may properly be assumed that the General Assembly had knowledge of the prior legislation when the subsequent legislation was enacted, and had the General Assembly intended to nullify such prior legislation it would have done so, by means of an express repeal thereof. In this regard we note that R. C. 718.06 was enacted approximately 11 months after the decision in *Akron, supra,* as a specific, limited exception to the general statutes of limitation then in effect, R. C. 1.18 and 1905.33.[4] Five years later, at the same time that R. C. 2901.13 was enacted, both general statutes of limitation referred to above were specifically repealed by the very same legislative product, Am. Sub. H. B. No. 511.[5] There was, however, no mention made of R. C. 718.06 in this bill, the first comprehensive redaction of the entire substantive criminal law of Ohio.

In 1972 the General Assembly codified the inveterate judicial policy of disfavor toward repeals by implication, in R. C. 1.51. That section provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an

---

[4] At the time R. C. 718.06 became effective, R. C. 1.18 placed a three-year limitation on prosecutions for misdemeanors generally. In addition to this general statute of limitations on misdemeanors, R. C. 1905.33 specified a one-year limitation on prosecutions for the commission of any offense made punishable by any ordinance of any municipal corporation.

[5] The General Assembly also repealed, in Am. Sub. H. B. No. 511, the following specific statutes of limitation: R. C. 2907.34, embezzlement, three years; R. C. 2909.08, throwing down fences or opening gates, one year; R. C. 2915.08, betting on elections, one year; R. C. 2923.16, profane swearing, ten days; and R. C. 4151.47, trespass while mining, one year. Further, R. C. 3599.40 was amended to exclude a one-year limitation on prosecutions for certain election violations.

exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

We believe that the conflict between R. C. 2901.13(A)(2) and 718.06(B) is irreconcilable, since R. C. 718.06(B) appears to be an exception to the general statute of limitations contained in R. C. 2901.13, and the introductory phrase of R. C. 2901.13 would appear to admit to only those exceptions "otherwise provided *in this section*." Clearly, R. C. 2901.13 was enacted subsequent to R. C. 718.06. Therefore, pursuant to R. C. 1.51, the later, general provision, R. C. 2901.13(A)(2), shall control over the special provision, R. C. 718.06(B), only if this court determines that the "manifest intent" of the General Assembly is that the general provision shall prevail. *State, ex rel. Myers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230.

In light of the history of R. C. 718.06, and with particular regard for the survival of this section despite the numerous express repeals in Am. Sub. H. B. No. 511, we are unable to agree with the trial court's conclusion that R. C. 718.06 is "mere surplusage." Although the introductory language of R. C. 2901.13 is a source of confusion, it is not, in our opinion, an indication of manifest legislative intent to render R. C. 718.06 nugatory.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.