THE STATE OF OHIO, APPELLANT, *v.* FROST, APPELLEE.

[Cite as State v. Frost (1979), 57 Ohio St. 2d 121.]

(No. 78-805—Decided March 28, 1979.)

The cause is now before this court pursuant to the allowance of a motion for leave to appeal.

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Alan C. Travis*, for appellant.

*Mr. Paul D. Cassidy* and *Mr. R. William Meeks*, for appellee..

LOCHER, J. The first issue before this court is whether the enactment of R. C. 2901.05(A), as interpreted in *State* v. *Robinson, supra*, evinces manifest legislative intent to impliedly repeal the provision of R. C. 1707.45. R. C. 2901.05(A), a general provision of the Revised Code, was enacted in 1974, and provided, in pertinent part, that: "*The burden of going forward* with the evidence of an affirmative defense is upon the accused." (Emphasis added.)[1] On the other hand, R. C. 1707.45, a special provision found within R. C. Chapter 1707, was enacted in 1953 to deal with securities regulation in Ohio. This section states, in part: "*The burden of proof* shall be upon the party claiming the benefits of any * * * [exemption]." (Emphasis added.)

In reversing appellee's convictions, a divided appellate court construed the provision of R. C. 2901.05(A) as manifesting legislative intent to repeal the provisions of R. C. 1707.45, even though the Act did not expressly do so. The dissenting opinion of Judge Holmes expressed the observa-

---

[1] R. C. 2901.05(A) was amended, effective November 1, 1978, to read, in pertinent part:

"* * * The burden of going forward with the evidence of an affirmative defense, *and the burden of proof*, by a preponderance of the evidence, for an affirmative defense, *is upon the accused*." (Emphasis added.)

tion that, while it was within the power of the General Assembly to nullify the burden of proof language in R. C. 1707.45, the later enacted general provision of R. C. 2901.05 did not do so.

It has been a long-standing rule that courts will not hold prior legislation to be impliedly repealed by the enactment of subsesquent legislation unless the subsequent legislation clearly requires that holding. See *Ludlow* v. *Johnston* (1828), 3 Ohio 553, as cited by this court in *Cincinnati* v. *Thomas Soft Ice Cream* (1977), 52 Ohio St. 2d 76, at page 78. This rule of statutory construction was codified in 1972 in R. C. 1.51. This section provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

See, also, *Leach* v. *Collins* (1931), 123 Ohio St. 530, 533, citing *Rodgers* v. *United States* (1902), 185 U. S. 83; *Lucas County Commrs.* v. *Toledo* (1971), 28 Ohio St. 2d 214, 217; *State, ex rel. Myers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230.

The language of R. C. 2901.05(A) refers to going forward with evidence or of raising an affirmative defense, while that of R. C. 1707.45 specifically refers to placing the burden of proof upon the party claiming an exemption. Clearly, the general provision of R. C. 2901.05(A) is irreconcilable with the special provision of R. C. 1707.45. The issue then is whether the General Assembly has manifested its intent that R. C. 2901.05(A) prevail.

Participation by our citizenry in the ownership of business enterprises is the cornerstone of our economic order. The willingness of individuals to purchase securities is directly related to their perception of the credibility of, and the resulting confidence in, this system. The Ohio Securities Act was adopted to prevent fraudulent exploita-

tions through the sale of securities. The Act is special remedial legislation passed, pursuant to the police power of the state, to promote the general welfare by attempting to secure the people against ignorance often due from incomplete disclosure of facts by individuals in a unique position to know the undisclosed facts.

It is axiomatic that it will be assumed that the General Assembly has knowledge of prior legislation when it enacts subsequent legislation. It is reasonable, therefore, to assume, in light of the purposes behind the enactment of R. C. Chapter 1707 and absent manifest intent to the contrary, that the General Assembly desired that an individual charged with a violation of R. C. Chapter 1707 shoulder a heavier burden of proof because of the possibility of widespread fraud upon the public. Accordingly, we find that the majority opinion of the Court of Appeals is in error as a matter of law.

The second issue before the court is whether R. C. 1707.45 unconstitutionally shifts the burden of proof to a defendant in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Any discussion about the constitutionality of placing the burden of proof upon a defendant in a criminal case must begin with *In re Winship* (1970), 397 U. S. 358, wherein Justice Brennan, writing for the majority, at page 364, stated:

"Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction *except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.*" (Emphasis added.)[2]

---

[2]*In re Winship* (1970), 397 U. S. 358, was a juvenile case originating in the New York Family Court. The specific holding of the case was that proof beyond a reasonable doubt, which is required by the Due Process Clause in criminal trials, is among the "essentials of due process and fair treatment" required during the adjudicatory stage when a juvenile is charged with an act that would constitute a crime if committed by an adult.

*In re Winship* did not directly address the issue of whether it was constitutional to require the defendant to shoulder the burden of proof when he is claiming an affirmative defense or an exemption. It merely stated that the prosecution must prove every fact necessary to constitute the crime beyond a reasonable doubt.

*Mullaney* v. *Wilbur, supra* (421 U. S. 684), decided five years later, involved a defendant charged with murder in the state of Maine. The Maine statute required a defendant charged with murder to prove that he acted in the heat of passion on sudden provocation in order to reduce the homicide offense to one of manslaughter. The court upheld the reversal of the conviction and held that the Maine rule does not comport with the requirement of the Due Process Clause of the Fourteenth Amendment that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged, citing *In re Winship, supra.*

At first glance, it would appear that *Mullaney* v. *Wilbur* requires that the prosecution disprove affirmative defenses beyond a reasonable doubt once the issue has been sufficiently raised by the defendant. However, scrutiny of Justice Rehnquist's concurring opinion therein reveals that to read *Mullaney* v. *Wilbur* as standing for the proposition that the prosecution is constitutionally required to disprove affirmative defenses beyond a reasonable doubt, is to read it too broadly. He states, at page 705, as follows:

"I agree with the Court that *In re Winship,* 379 U. S. 358 (1970), does require that the prosecution prove beyond a reasonable doubt every element which constitutes the crime charged against a defendant. I see no inconsistency between that holding and the holding of *Leland* v. *Oregon,* 343 U. S. 790 (1952). In the latter case this Court held that there was no constitutional requirement that the State shoulder the burden of proving the sanity of the defendant."

In Justice Rehnquist's view, therefore, *Mullaney* strictly follows *In re Winship.* The Maine homicide statute

presumed malice aforethought once the state had proved that the homicide was both intentional and unlawful. Once this was proved, the crime was to be considered murder unless the defendant proved by a preponderance of the evidence that he acted in the heat of passion on sudden provocation. Shifting the burden of proof on this issue was unconstitutional in light of *In re Winship* because it presumed a fact necessary to constitute the crime of murder, *i. e.*, malice aforethought.

Any remaining doubt that *Mullaney v. Wilbur* does not stand for the proposition that the prosecution must constitutionally carry the burden of proof on affirmative defenses was removed by the United States Supreme Court's decision in *Patterson* v. *New York* (1977), 432 U. S. 197. A New York statute, requiring that the defendant in a prosecution for second-degree murder prove by a preponderance of the evidence the affirmative defense of extreme emotional disturbance in order to reduce the crime to manslaughter, was held not to violate the Due Process Clause of the Fourteenth Amendment, the court distinguishing *Mullaney* v. *Wilbur, supra*. The court stated that such an affirmative defense, which does not negate any facts of the crime which the state must prove in order to convict, constitutes a separate issue concerning which the defendant is required to carry the burden of proof. Justice White, writing for the majority, at page 210, stated: "We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of the accused. * * *"

The appellee, in this cause, sought to avoid criminal liability for violating the Ohio Securities Act by claiming the protection of the exemption provided in R. C. 1707.03 (B). It is not unconstitutional to require a defendant to carry the burden of proof in such a case, because it does not require the defendant to negate any facts of the crime which the state must prove in order to convict.[3] It remains

---

[3] See *United States v. Tehan* (C. A. 6, 1966), 365 F. 2d 191, in

with the state to prove beyond a reasonable doubt the essential elements of the offense: (1) that the offense was committed in the county; (2) that the defendant was selling securities without having been licensed as a security dealer; and (3) that the defendant was selling unlicensed securities.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY and PATTON, JJ., concur.

P. BROWN, J., dissents.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.

which Judge Anthony J. Celebrezze's opinion addresses the constitutionality of placing the burden of proof upon the defendant when an exemption to the Ohio Securities Act is claimed. This decision, however, predates *In re Winship* and its progeny.