IN RE ESTATE OF STROCK.

(No. 1420 — Decided
January 8, 1986.)

*James H. Ross,* for appellee executrix.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellant Joanne Limbach, Tax Commissioner.

*Per Curiam.* This cause came on before the court upon an appeal by Joanne Limbach, Tax Commissioner of Ohio, from an order of the trial court determining that a payment made by the Estate of James Strock, deceased, was an allowable deduction under R.C. 5731.16(A)(3). We reverse.

On the date of his death, decedent and his wife owned as joint tenants with right of survivorship certain real property located in Pima County, Arizona. Upon Mr. Strock's death, the legal title to his interest in the property passed to his wife by operation of law. The Arizona property was not included in the decedent's gross estate for Ohio estate tax purposes because of its situs outside the state of Ohio. R.C. 5731.01(A).

The purchase of the Arizona property had been financed through the execution of a promissory note which was secured by a mortgage on the Arizona property. Both the decedent and his wife were jointly liable on the promissory note. Decedent's wife used funds contained in decedent's estate to pay off one half of the balance of the promissory note. Decedent's wife paid off the other half of the note with her personal funds. The mortgage on the real property was then released.

When filing the Ohio estate tax return, decedent's wife claimed a deduction for one half of the balance due on the promissory note. This deduction was disallowed by the Tax Commissioner and a deficiency assessment was made against the estate.

Exceptions to the Tax Commissioner's certificate of determination were filed on behalf of the executrix of the estate (the decedent's wife) with the Medina County Probate Court. The probate court found in favor of the executrix. From this ruling the Tax Commissioner appeals, assigning as error:

"I. The probate court erred in holding that the payment by the estate of an indebtedness with respect to property which was not included in the value of the decedent's gross estate * * * [was] an allowable deduction under R.C. 5731.16(A)(3).

"II. The probate court erred in finding that the $24,646.75 was decedent's obligation due on the mortgage note."

R.C. 5731.16(A) provides in part:

"For purposes of the tax levied by section 5731.02 of the Revised Code, the value of the taxable estate shall be determined by deducting from the value of the gross estate amounts for:

"* * *

"(3) Claims against the estate that are outstanding and unpaid as of the date of decedent's death;

"(4) Unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest in the property, undiminished by the mortgage or indebtedness, is included in the value of the gross estate, as are allowable by the laws of this state."

The probate court allowed the deduction under R.C. 5731.16(A)(3) as an outstanding claim against the estate. The mortgage note, signed both by decedent and his wife, did indeed comprise a valid and enforceable claim against the estate under R.C. 2117.31, which provides:

"When two or more persons are indebted in a joint contract, or upon a judgment founded on such contract, and either of them dies, his estate shall be liable therefor as if the contract had

been joint and several, or as if the judgment had been against himself alone. * * *" See, also, *Pietro* v. *Leonetti* (1972), 30 Ohio St. 2d 178 [59 O.O.2d 188].

The provisions of R.C. 5731.16(A)(4), however, specifically prohibit any deduction for "unpaid mortgages" on property not included in the value of the gross estate.

R.C. 1.51 provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Since the state cannot collect estate taxes on property located outside Ohio, it is reasonable to conclude that the legislature would not be willing to allow deductions for mortgage payments on that property where the effect of the deduction would be to reduce the value of the estate for tax purposes. To allow such deduction would be to subject the state to a double "loss" on its estate taxes.

Furthermore, under appellee's interpretation of the relevant statutes, if the situs state had a statute like Ohio's, the mortgage could be claimed twice — both in the situs state and in Ohio. Thus, a $50,000 mortgage on such property, for example, would result in a $100,000 deduction. The General Assembly can, and did, act to preclude such a result.

R.C. 5731.16(A)(4) is a special provision intended by the legislature to govern precisely the situation presented here. That subsection of the statute would have no purpose if the estate were allowed to characterize a mortgage on property outside the state as a claim against the estate in order to gain a deduction under R.C. 5731.16(A)(3). Statutes granting deductions from taxation must be strictly contrued in favor of taxation. *Tax Comm. of Ohio* v. *Paxson* (1928), 118 Ohio St. 36, 41. The special provision must take precedence over the more general provision. *Cincinnati* v. *Thomas Soft Ice Cream, Inc.* (1977), 52 Ohio St. 2d 76 [6 O.O.3d 277], paragraph one of the syllabus.

Since the monies here were expended by the estate to pay off decedent's liability on the mortgage note on property located in another state, the commissioner properly rejected appellee's claimed deduction. The situation is governed by R.C. 5731.16(A)(4). The assignments of error are well-taken and the judgment of the trial court is reversed.

*Judgment reversed.*

GEORGE, P.J., and QUILLIN, J., concur.

BAIRD, J., dissents.

BAIRD, J. If the mortgage had not been given to secure the note, it appears to be conceded that, as a debt of the decedent, the payment in question would normally be considered as a deductible item under R.C. 5731.16(A)(3). Must the result be different simply because the obligation was secured by a mortgage? Does the fact that R.C. 5731.16(A)(4) mentions the word "mortgage," but is not otherwise applicable to the facts of this case, somehow nullify R.C. 5731.16(A)(3)?

It is suggested that these two subsections are applicable to two different situations. By their explicit terms, (A)(3) is applicable to debts of the decedent, while (A)(4) is applicable to debts chargeable to property which is to be part of a decedent's estate for tax purposes, but which are not debts of the decedent. A mechanic's lien or unassumed mortgage might reduce the actual value of a parcel of real estate owned by the decedent and be includible

for tax purposes, even though they were not personal obligations of the decedent. In the latter case, it would be unfair to tax the total value of the property without recognizing the reduction in value represented by the lien or mortgage, even though it is not a debt of the decedent. Hence, (A)(4) exists to provide a deduction for claims that are not personal debts of the decedent.

Thus, in my view, there is no conflict between the provisions in question. They apply to two different situations. I cannot agree that R.C. 5731.16(A)(3) no longer applies because R.C. 5731.16 (A)(4) would apply if the facts were different.

Further, it should be noted that there is no double deduction potentiality in this case, as the money actually was paid out of the estate, and properly deductible under (A)(3). To the extent of such payment, there would not be a deduction available in any state under (A)(4), since the mortgage is no longer "unpaid," and the eligibility for an (A)(4) deduction is not determined "* * * as of the * * * decedent's death," as is the case in (A)(3). While the possibility of double deduction is no doubt undesirable, overzealousness in its avoidance would result in no deduction at all.