The STATE of Ohio, Appellant,

v.

DETILLIO et al., Appellees.

[Cite as *State v. Detillio* (1992), 90 Ohio App.3d 241.]

Court of Appeals of Ohio,
Summit County.

Nos. 15628 and 15629.

Decided Dec. 16, 1992.

*Philip D. Bogdanoff,* Summit County Assistant Prosecuting Attorney, for appellant.

*Peter Cahoon, Jr.,* for appellee Richard F. Ditellio, Jr.

*Edward S. Muse,* for appellee Richard F. Ditellio, Sr.

---

CACIOPPO, Judge.

On September 3, 1987, C.J. and Miska Carpenter ("Carpenters") signed a stock subscription agreement with defendants-appellees, Richard F. Detillio, Sr. and Richard F. Detillio, Jr. ("Detillios"). At that time, the Carpenters paid $50,000 to the Detillios, and received a stock certificate granting them four percent of the common stock in University Quarters. Over three years later, the Carpenters signed a criminal complaint on September 12, 1990. The complaint alleged that the Detillios committed various securities violations in the 1987 transaction. An indictment was issued on September 14, 1987. It charged each appellee with five counts of securities violations under R.C. 1707.44; each count is a fourth degree felony. The sixth count of the indictment charged each appellee with one count of grand theft under R.C. 2913.02, a third degree felony.

Appellees filed a motion for dismissal, which the trial court granted as to the first five counts of the indictment.[1] The court held that the state failed to bring the charges within the three-year statute of limitations for securities violations. The state appeals, asserting the following assignment of error:

"The trial court committed error when it dismissed the indictment in this case."

R.C. 2901.13 sets out the general statute of limitation for criminal prosecutions. It provides in pertinent part:

---

1. Throughout its brief and oral argument, the state claimed that the trial court dismissed the entire six-count indictment; however, the court's order of March 6, 1992 dismissed only the first five counts, and explicitly scheduled a status conference to consider the sixth count (grand theft charges).

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) For a felony other than aggravated murder or murder, six years;

" * * *

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

There is a different statute of limitations for securities violations arising under R.C. Chapter 1707. R.C. 1707.28 requires that:

"No prosecution for violation of any of sections 1707.01 to 1707.45, inclusive, of the Revised Code, shall bar any prosecution, or be barred by any prosecution, for the violation of any other of such sections or of any other statute; but all prosecutions under sections 1707.01 to 1707.45, inclusive, of the Revised Code, must be commenced within three years after the commission of the alleged violation."

When we are faced with two, apparently inconsistent, statutory provisions, we follow the rule of statutory construction set out in R.C. 1.51. This section provides that:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Since the adoption of R.C. 1.51, the Supreme Court of Ohio has reasserted the rule on several occasions. See, e.g., *Cincinnati v. Thomas Soft Ice Cream* (1977), 52 Ohio St.2d 76, 6 O.O.3d 277, 369 N.E.2d 778, paragraph one of the syllabus; *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, paragraph one of the syllabus.

The state argues that this court can reconcile the general and special statutes of limitation. Specifically, the state urges this court to read the *corpus delicti* exception of R.C. 2901.13(F) with 1707.28. Further, the state claims that because the legislature enacted R.C. 2901.13(F) after 1707.28, the court should give more weight to the *corpus delicti* exception. We disagree.

R.C. 2901.13(F) tolls the running of the statute of limitations until the *corpus delicti* or "body of the crime" is discovered. Nevertheless, R.C. 1707.28 specifically provides that all prosecutions under R.C. 1707.01 to 1707.45 *"must be commenced within three years after the commission of the alleged violation."*

(Emphasis added.) This language is clear and unambiguous, and starts the running of the statute of limitations when the *commission* of the violation occurs.

Moreover, under R.C. 1.51, we apply the provisions of the later, general statute only if this is the manifest intent of the legislature. We find no such intent. As early as 1828, the Supreme Court of Ohio held that:

" * * * When the legislature intend to repeal a statute, we may, as a general rule, expect them to do it in express terms, or by the use of words which are equivalent to an express repeal. No court will, if it can be consistently avoided, determine that a statute is repealed by implication. * * *" *Ludlow v. Johnston* (1828), 3 Ohio 553, 564.

It has since become an axiomatic principle that a reviewing court must assume that the Ohio General Assembly has knowledge of prior legislation when it enacts subsequent legislation. *State v. Frost* (1979), 57 Ohio St.2d 121, 125, 11 O.O.3d 294, 296, 387 N.E.2d 235, 238.

We find that the three year statute of limitations for securities offenses does not include an exception tolling the running of the statute until the discovery of the *corpus delicti.* The sale of the securities occurred when the subscription agreement was signed on September 3, 1987. *Collins v. Papouras* (Nov. 15, 1989), Summit App. No. 14073, unreported, at 7, 1989 WL 139455. Further, the signing of the criminal complaint on September 12, 1990 initiated the prosecution of this case. *State v. Coots* (July 18, 1990), Wayne App. No. 2549, unreported, at 3, 1990 WL 102454. As the state failed to commence the prosecution of this case within three years of the securities sale, R.C. 1707.28 bars the prosecution of the securities offenses.

Accordingly, appellant's assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and COOK, JJ., concur.