OPINION
On April 8, 1995, appellant, John Cale, was indicted by the Lake County Grand Jury for one count of aggravated murder, two counts of conspiracy to commit aggravated murder, one count of attempted murder, and one count of felonious assault. Appellant's indictment stemmed from his alleged involvement as the driver of a car involved in an April 8, 1995 "drive-by" shooting at a Painesville, Ohio convenience store, which resulted in the death of Keith Rainey.
On September 14, 1995, appellant pleaded guilty to one count of aggravated murder, in violation of R.C. 2903.01, in exchange for the court dismissing all other charges. On September 19, 1995, the Lake County Court of Common Pleas sentenced appellant to life imprisonment, with eligibility for parole after twenty years.
On February 26, 1996, appellant filed a motion for shock probation. On March 29, 1996, the trial court overruled appellant's motion, citing that because appellant was guilty of aggravated murder, he was ineligible for shock probation, pursuant to R.C. 2947.061(A) and 2951.02(F)(1).
On June 3, 1998, appellant requested that the state provide him with a complete transcript and record of all proceedings in his case, due to his indigence. On July 6, 1996, the trial court overruled his motion because he had not filed a direct appeal or petition for postconviction relief. On September 8, 1998, we dismissed the appeal of that order, case number 98-L-175, because appellant had filed no notice of appeal with the Lake County Clerk of Courts, as required by App.R. 4. On October 23, 1998, appellant filed a notice of appeal with the Lake County Clerk of Courts, a motion for leave to file a delayed appeal with this court, and a motion for the state to provide a complete transcript from the trial court. On December 8, 1998, we overruled appellant's motion for leave to file a delayed appeal and dismissed his appeal, case number 98-L-233. On December 28, 1998, the trial court overruled his motion for the state to provide him with a transcript.
On September 29, 1999, appellant filed a motion to withdraw his guilty plea, citing duress, ineffective assistance of counsel, prosecutorial misconduct, and that the plea was made involuntarily and unknowingly. Appellant argued that he was unaware that he could be guilty of aggravated murder when he did not pull the trigger, but only drove the car from which the final shots were filed. On November 19, 1999, the trial court overruled appellant's motion to withdraw his guilty plea because he had not shown it was necessary to correct a manifest injustice, as required by Crim.R. 32.1. Appellant did not appeal from that judgment.
On December 9, 1999, appellant filed his second motion to withdraw his guilty plea and set aside his conviction. On January 25, 2000, the trial court overruled his motion. The trial court, relying on case law from another appellate district, treated the motion to withdraw the guilty plea as a petition for postconviction relief and ruled that it was untimely without sufficient reason for the untimely filing. On February 24, 2000, appellant filed a notice of appeal.
Appellant assigns the following as error:
 "[1.] The trial court abused its discretion in denying appellant, John Cale's motion to withdraw guilty plea and set aside conviction.
 "[2.] Appellant, John Cale, was deprived of his constitutional right to effective assistance of counsel by trial counsel's failure to ensure appellant entered a knowingly intelligent and voluntary guilty plea.
 "[3.] The trial court committed plain error when it failed to provide appellant a requested copy of the record to prepare his brief for a full appellate review in violation of his constitutional rights.
 "[4.] Appellant, John Cale, was deprived of his constitutional right to effective assistance of counsel where trial counsel failed to fully inform appellant all the avenues of defense and appeals available to him."
 We will address appellant's assignments of error in a consolidated manner.
In overruling appellant's second motion to withdraw his guilty plea, the trial court treated the motion as an untimely application for postconviction relief. In so doing the trial court reasonably relied on the First Appellate District's holding in State v. Hill (1998),129 Ohio App.3d 658, 718 N.E.2d 978.[1]
In Hill, the court held: "A post-sentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a postconviction petition for relief." Hill at 661,718 N.E.2d at 980. It claimed to be relying on the Supreme Court of Ohio's holding in State v. Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, which states:
 "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at syllabus.
 The Supreme Court of Ohio explained that despite its caption, a filing meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1) if it is (1) filed subsequent to a direct appeal or the expiration of the time in which to file a direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment and sentence. Id. at 160, 679 N.E.2d at 1133.
For the reasons that follow, we decline to follow the holding in Hill.
R.C. 1.51 codifies a fundamental principle of statutory construction that:
 "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." State v. Frost (1979), 57 Ohio St.2d 121, 124, 387 N.E.2d 235, 237.
 R.C. 2953.21 is a general provision governing claims alleging a denial of constitutional rights. Crim.R. 32.1 is a special provision, which applies only to withdrawals of guilty pleas. Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While petitions filed under R.C. 2953.21 are subject to an explicit time limitation, motions under Crim.R. 32.1 are not. From reading R.C. 2953.21, we are unable to discern an intention by the General Assembly that post-appeal motions to withdraw guilty pleas would be subsumed by R.C. 2953.21.
Furthermore, "According to Section 5(B), Article IV, Ohio Constitution, where a conflict exists between a rule and statute, the rule prevails if the right involved is procedural. If the conflict involves a substantive right, the statute controls." State v. Brown
(1988), 38 Ohio St.3d 305, 307, 528 N.E.2d 523. As the time limit imposed by R.C. 2953.21 conflicts with Crim.R. 32.1, we rule that motions filed under Crim.R. 32.1 are not subject to a time limitation.
In its reply brief, the state cited State v. Murray (Dec. 11, 1998), Trumbull App. No. 98-T-0017, unreported, a case out of our district, and suggested that it stood for the prospect that: "Where a defendant files a motion to withdraw a guilty plea subsequent to either a direct appeal or the time allowed for a direct appeal, such a motion must be treated as a petition for post-conviction relief." Such a prospect would be in direct conflict with our holding in the instant case. The Murray case is distinguishable from the case at bar. Murray dealt with felony sentence under Senate Bill 2, which is governed by statute, not a specific rule, like Crim.R. 32.1.
Despite our refusal to follow Hill, the result reached by the trial court is still correct. The doctrine of res judicata applies to motions to withdraw guilty pleas filed pursuant to Crim.R. 32.1. State v.Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182, unreported. The case at bar concerns appellant's second motion to withdraw his guilty plea; he did not appeal the trial court's judgment overruling his first motion. Thus, all of the issues currently on appeal were or should have been addressed in an appeal of the motion. Appellant's assignments of error are without merit.
The judgment of the Lake County Court of Common Pleas is hereby affirmed.
FORD, P.J., GRENDELL, J., concur.
[1] See State v. Phelps (Sept. 26, 2000), Franklin App. No. 00 AP-109, unreported, which states with regard to Hill: "Numerous other courts are in accord. See, e.g., State v. Mollick * * * (July 19, 2000), Lorain App. No. 99CA007315, unreported; State v. Chupp * * * (July 3, 2000), Holmes App. No. 99 CA 12, unreported; State v. Parra * * * (Jan. 14, 2000), Lucas App. No. L-99-1123, unreported; State v. Raypole * * * (Nov. 15, 1999), Fayette App. No. CA99-05-012, * * * unreported; see, also, State v. Stires (Sept. 30, 1999), Franklin App. No. 99AP-80, * * * unreported (motion to withdraw guilty plea alleging ineffective assistance of counsel and supported by affidavits should have been treated as a motion for postconviction relief)."