DECISION.
Defendant-appellant, Tiffany Brooks, appeals the judgment of the Hamilton County Municipal Court convicting her of theft in violation of R.C. 2913.02. She was convicted of the offense after a bench trial. For the following reasons, we affirm the trial court's judgment.
At trial, the state first presented the testimony of Christy Imbus, the desk clerk for the Marriott Residence Inn. Imbus testified that Brooks and Kemy Bryant checked into the hotel and presented a check for payment. The check was written on the account of the Revival H. Temple Church and was signed by David Mosley. Bryant said that Brooks was homeless and that the church would pay for her lodging for one month.
Imbus told Bryant that the hotel did not accept checks, but that she would make an exception if the pair would provide a credit card. Brooks gave the clerk a credit card, and the clerk gave them a room key.
The hotel's manager, Jack Brandt, testified that he attempted to gain authorization for the check and the credit card and determined that neither was valid. On the day after Brooks checked into the hotel, Brandt informed her that she needed to provide an alternate form of payment. When Brooks failed to do so by late that same afternoon, Brandt called the police.
When the officer arrived, he knocked on the hotel room door repeatedly but got no answer. Because the deadbolt lock had been fastened, Brandt went to retrieve the emergency key that would unlock the deadbolt. When Brandt opened the door, Brooks came forward and repeated that she was homeless and that the church was paying for her lodging. Brooks was then arrested and charged with theft.
The state also presented evidence that, approximately one month prior to the incident at the Marriott Residence Inn, Brooks and a companion matching Bryant's description had checked into the nearby Mainstay Suites hotel, presenting checks drawn on the Revival H. Temple Church and signed by Mosely. On that occasion, Brooks and her companion told the Mainstay Suites employees that Brooks was homeless and that the church was providing her lodging. After investigating the matter, the staff at Mainstay Suites had informed Brooks that the checks were not valid, but Brooks left the hotel without checking out and without tendering payment. The state also attempted to prove that Brooks had perpetrated a similar scheme at a third hotel, but the trial court sustained objections to that line of evidence.
The defense offered the testimony of Reverend David Mosely, who identified himself as the pastor of the Revival Healing Temple Church. He testified that the check written to the Marriott Residence Inn had been issued by a staff member of the church, but he would not state whether he had signed the check. Mosely further testified that he had never known Brooks to be homeless.
The trial court found Brooks guilty of theft, and this appeal followed. In her first and third assignments of error, Brooks argues that the conviction was based upon insufficient evidence and was contrary to the manifest weight of the evidence. In her second assignment of error, she contends that the trial court erred in overruling her motion for acquittal under Crim.R. 29. We address these assignments together.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] The standard of review for the denial of a Crim.R. 29 motion is the same as the standard of review for sufficiency.[2] To reverse a trial court's decision on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
Brooks was charged with and convicted of theft by deception under R.C.2913.02(A)(3), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services *** [b]y deception[.]" Our review of the record convinces us that the theft conviction was in accordance with the evidence. At trial, the state presented evidence that Brooks made false statements to the employees of Marriott Residence Inn to gain lodging. Although Brooks told the hotel employees that the church was paying for her lodging, the evidence indicated that she knew that the check and the credit card were not valid. Based upon the prior occurrence at Mainstay Suites, as well as Brooks's evasiveness when confronted with the invalidity of the check and the credit card, the trial court could have reasonably concluded that Brooks had knowingly deceived the hotel employees and that she had no intention of paying for the room.[4]
The evidence presented by the defense did not tend to rebut the state's contention that Brooks had committed theft by deception and in fact contradicted Brooks's assertion to the hotel employees that she was homeless. Therefore, we cannot say that the trial court lost its way or committed a manifest miscarriage of justice in convicting her of the offense. Accordingly, the first, second, and third assignments of error are overruled.
In her fourth assignment of error, Brooks maintains it would have been more appropriate for the state to charge her with passing a bad check pursuant to R.C. 2913.11. The assignment is without merit.
Brooks is correct in stating that, when there is no manifest legislative intent that a general provision of the Revised Code prevail over a special or specific provision, the special provision takes precedence.[5] Nonetheless, we hold that she was indeed charged under the section of the code that most specifically proscribed the conduct for which she was convicted. Brooks's statements to the hotel's employees that she was homeless and that the church was her benefactor were clearly meant to deceive the employees so that she could obtain services without paying for them. Her conduct in secreting herself in the room and evading contact with hotel management and police by pretending that she was not present compounded the deception. That an invalid check was one part of the deceptive conduct did not render the charge of theft by deception improper. Moreover, because violations of R.C. 2913.02 and 2913.11 are both misdemeanors of the first degree, we find no prejudice in the state's choice of charges. The fourth assignment of error is overruled.
In her fifth assignment of error, Brooks contends that the trial court erred in allowing a state's witness to testify about hearsay statements. The assignment is not well taken.
As as we have already noted, Brandt testified that he had attempted to have the check tendered by Brooks authorized and was unsuccessful. He stated that he had also unsuccessfully attempted to obtain authorization for the credit card that Brooks had presented. There was no objection to this testimony. Thus, even if the testimony referring to the denial of authorization constituted impermissible hearsay, we review the question under a plain-error standard. As we have stated, "[w]e can find plain error only in rare circumstances where the outcome of the trial would clearly have been otherwise without the error."[6]
Here, we cannot say that the result of the trial would clearly have been different had the evidence been excluded. Brooks's evasive conduct when informed that she would have to find an alternative form of payment provided ample circumstantial evidence that the check and the card were invalid and that she knew them to be invalid. Moreover, the trial was interrupted, for other reasons, after the admission of the challenged testimony. Had Brooks lodged a successful objection to Brandt's testimony, the prosecution would have had an opportunity to subpoena the bank employees or other witnesses to prove that Brooks had not tendered valid payment. Under these circumstances, we find no plain error, and the fifth assignment of error is overruled.
In her sixth and final assignment of error, Brooks argues that the trial court erred by permitting evidence of "other acts." Specifically, she argues that the court's admission of the evidence of her conduct at the Mainstay Suites hotel violated Evid.R. 404(B). We do not agree.
Although Evid.R. 404(B) generally prohibits the admission of a person's prior crimes, wrongs or acts to prove the character of the person, such evidence may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The other acts offered as probative of a matter identified in Evid.R. 404(B) "must themselves be temporally and circumstantially connected to the operative facts of the offense alleged."[7]
In the case at bar, the contested evidence was probative of Brooks's intent to deceive the employees of the Marriott Residence Inn and of her knowledge that the check and the credit card were not valid. The evidence demonstrated that Brooks had employed an identical scheme, approximately one month earlier, to obtain a free room and services at another hotel in the general area of the Marriott Residence Inn.[8] The evidence was thus temporally and circumstantially connected to the charged offense. We find no error in the trial court's decision to admit the evidence, and the sixth assignment of error is overruled. The judgment of the municipal court is affirmed.
Judgment affirmed.
 Painter and Winkler, JJ., concur.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[4] We find no merit in Brooks's contention that the state was required to show that the check had been presented and dishonored. As we note under the fifth assignment of error, Brooks did not object to Brandt's testimony that the check and the credit card were invalid. Moreover, the state demonstrated that Brooks did not respond — and in fact was affirmatively evasive — when informed that the payment tendered to the hotel was unacceptable. The evidence therefore indicated that Brooks intended to deprive the hotel of services without paying.
[5] R.C. 1.51. See, also, State v. Volpe (1997), 38 Ohio St.3d 191,527 N.E.2d 818, paragraph one of the syllabus; State v. Frost (1979),57 Ohio St.2d 121, 387 N.E.2d 235, paragraph one of the syllabus.
[6] State v. Lane (1995), 108 Ohio App.3d 477, 482, 671 N.E.2d 272,275.
[7] State v. Griffin (2001), 142 Ohio App.3d 65, 72, 753 N.E.2d 967,973, jurisdictional motion overruled (2001), 92 Ohio St.3d 1442,751 N.E.2d 481.
[8] As we have earlier noted, the trial court excluded evidence of another prior act of theft. While Brooks argues that the trial court nonetheless considered the excluded act, we find no indication in the record that the court did so.