{¶ 34} I respectfully dissent from the majority opinion. While I agree with the determination that the culpable mental state for the "infliction of harm" aspect of aggravated robbery in Ohio is that of recklessness, I am unable to join in the majority's reliance on aChapman harmless-error test regarding the flawed jury instructions, and I would instead find the existence of structural error.
 {¶ 35} In State v. Hill, 92 Ohio St.3d 191, 199, 749 N.E.2d 274,2001-Ohio-141, the Ohio Supreme Court recognized: "At its heart, the concept behind structural error is that certain errors are so fundamental that they obviate the necessity for a reviewing court to do a harmless-error analysis."
 {¶ 36} Clearly, due process requires the State to prove every element of the crime charged beyond a reasonable doubt. See, e.g., State v.Nucklos, 171 Ohio App.3d 38, 44, 869 N.E.2d 674, 2007-Ohio-1025, citingIn re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368;Patterson v. New York (1977), 432 U.S. 197, 97 S.Ct. 2319,53 L.Ed.2d 281; State v. Frost (1979), 57 Ohio St.2d 121, 11 0.0.3d 294,387 N.E.2d 235. Thus, "[m]any of Ohio's appellate districts agree that a failure to instruct the jury as to one of the essential elements of the crime requires reversal, whether as plain error or as automatically reversible structural error." State v. Wamsley, Columbiana App. No. 05 CO 11,2006-Ohio-5303, ?53 (citations omitted).
 {¶ 37} Therefore, I would sustain appellant's First Assignment of Error, reverse his conviction, and remand the matter for a new trial. *Page 1