THE STATE OF OHIO, APPELLEE, *v.*
KIRKLAND, APPELLANT.

(No. 47287—Decided March 12, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Kathleen S. Aynes,* for appellant.

ANN McMANAMON, J. The appellant, George Kirkland, was found guilty of felonious assault (R.C. 2903.11) by a jury in the court of common pleas. Kirkland was not present at trial during

closing arguments, the court's charge to the jury, instructions by the court during jury deliberations and the return of the verdict. He was, however, present for sentencing and now appeals from this conviction,[1] raising three assignments of error:

## I

"The trial court committed prejudicial error by permitting the trial to proceed in the absence of appellant contrary to R.C. 2945.12, Criminal Rule 43(A), Section 10, Article I of the Ohio Constitution and the Due Process Clause of the Fourteenth Amendment."

## II

"The trial court erred in allowing collateral testimony regarding the underlying facts of a prior conviction of the state's witness."

## III

"The trial court erred in violation of the Due Process Clause of the Fourteenth Amendment when it placed the burden of proof on self-defense upon the accused."

## I

A defendant has a right to be present at every stage of his trial. *State v. Welch* (1978), 53 Ohio St. 2d 47 [7 O.O.3d 128]; *State v. Grisafulli* (1939), 135 Ohio St. 87 [13 O.O. 440]; *Rose v. State* (1851), 20 Ohio 31.

Crim. R. 43(A) provides that when a defendant voluntarily absents himself after the jury has been sworn, the trial may proceed without him.[2]

Where a defendant voluntarily absents himself, such absence constitutes a waiver of his right to be present at all stages of the trial. *Diaz v. United States* (1912), 223 U.S. 442; *Blythe v. State* (1890), 47 Ohio St. 234; *Fight v. State* (1835), 7 Ohio 181; *State v. Phillips* (1972), 34 Ohio App. 2d 217 [63 O.O.2d 397]. This principle not only recognizes defendant's right to be present, but imposes a duty upon defendant to appear at trial. *State v. Wolford* (Dec. 21, 1978), Cuyahoga App. No. 38110, unreported.

The record discloses that the four-day trial of this case was commenced on Monday, June 27, 1983. On the following day, the court noted on the record that the appellant was voluntarily absent and that the trial would proceed. There was no objection to the court's finding and appellant appeared tardily sometime thereafter. (Kirkland was identified and pointed out in the courtroom by the state's first witness.) On the next day, Wednesday, June 29, at 8:30 a.m. the record reflects that Kirkland was present and called as the first witness for the defense. Trial progressed and was adjourned until 8:30 a.m. on the next day; however, at 9:21 on that following morning, a colloquy occurred between court and defense counsel as follows:

"THE COURT: Let the record reflect that on 6-30-83, at 9:21, defendant is absent, still absent, despite the instruction of the Court as of yesterday that we commence at 8:45.

"The jury is present. The defense counsel, Mr. David Borland, is present. The prosecutor, Mr. McDonnell, James

---

[1] The record indicates that the court sentenced Kirkland to seven to twenty-five years in the Ohio State Reformatory but a journal entry filed July 7, 1983 reflects a sentence of five to fifteen years and costs plus a three-year mandatory penalty to be served in the Ohio State Reformatory in Mansfield.

[2] Crim. R. 43(A) provides: "The defen-

dant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict."

McDonnell, is present, and the Court, and while the defendant has the right to be present during all parts of the trial, he has voluntarily as of this morning absented himself.

"So I am going to proceed with the trial.

"Anything further, Mr. Borland?

"MR. BORLAND: Your Honor, naturally I would prefer to have my client at the table, but I don't see any excuse for his absence.

"THE COURT: It has been a recurring problem with him each day of the trial.

"MR. BORLAND: That is true, your Honor. Nothing further, your Honor."

A capias was issued for appellant and closing arguments and charge to the jury were presented in appellant's absence without objection. At the close of these proceedings the court noted:

"Let the record further reflect that upon completion of the Court's charge and instructions to the jury, and the jury retiring, the defendant has still not been present in the courtroom and still not made himself available for further proceedings.

"It is now 11:10 a.m."

The court responded to a jury question and ultimately received a guilty verdict on Thursday afternoon, having again noted Kirkland's absence.

On Friday, July 1, 1983, the appellant appeared with a different lawyer[3] and was sentenced. The court did not ask, nor did Kirkland volunteer, the reason for his absence on the preceding day, but the new lawyer told the judge that appellant had been held by "investigating authorities" who refused appellant's request that they explain his absence to the trial court. Later that same morning the appellant's trial

counsel appeared and informed the court that appellant's brother had in fact called defense counsel's office in the Justice Center at about 12:30 p.m. on Thursday to explain appellant's predicament and inability to appear, but that the appellant's message had somehow gone undelivered.

We find that the record does not support the court's factual finding that the appellant was voluntarily absent on Thursday, June 30. It reflects only that Kirkland was late on Tuesday, June 28. However, we do not find that appellant's tardiness on one morning of trial provided a sufficient basis to infer a voluntary absence by appellant on Thursday, June 30. Further, the record does not reflect any effort upon defense counsel's part to reach appellant, or otherwise to determine the cause of his absence.

Under such circumstances, the right of the accused to be present at trial cannot be waived by counsel. See *State* v. *Jones* (1875), 26 Ohio St. 208. Even more inexplicable is counsel's failure to appear personally on Friday morning, with evidence of his client's claimed involuntary absence and a concurrent motion for a mistrial prior to conviction.

Appellant's first assignment of error is well-taken.

II

Appellant's second assignment of error challenges collateral testimony presented by the state concerning the prior conviction of the chief prosecution witness, Eric Cozart. The state introduced this testimony in the following manner:

"Q. You mentioned being in New York. When you were in New York did you get into any trouble?

"A. Yes.

"Q. Could you please tell us what trouble you got into?

"A. I got caught in a stolen car.

"Q. Could you please tell us the circumstances surrounding that?

---

[3] Trial counsel and this substitute lawyer were both members of the public defender's office.

"MR. BORLAND: Objection. It is irrelevant.

"THE COURT: Oh, I believe it is relevant.

"Overruled. Proceed."

The prosecutor's initial question "* * * did you get into any trouble" would appear impermissible under Evid. R. 608(B).[4] Cozart's direct testimony in response was a totally self-serving narration which contained no admission of conviction of crime, although the witness did state that he was jailed and then placed on probation. Cozart acknowledged a probation violation but characterized this offense as an attempt by his probation officer to "motivate" him. It was not until he was cross-examined that Cozart conceded he had been convicted in New York for receiving stolen property (an automobile). However, despite extensive questioning and the indicated concession, Cozart never admitted that he had entered a plea to the charge or had been found guilty of it at a trial.

We find the form of the prosecutor's questions to be an improper circumvention of Evid. R. 609(A), which permits trial counsel to inquire concerning the prior convictions of a witness.[5] Under the apparent aegis of this rule, the state was improperly allowed to elicit extensive self-serving statements from its chief witness without presenting the damaging admissions of conviction for which the rule provides. The rule itself does not specify whether a witness may offer explanatory comment. See P.

Giannelli, Ohio Rules of Evidence (1982), Section 609.07(C), at 38. However, the admission of any collateral evidence which relates to the credibility of a witness' testimony lies within the discretion of the trial court. (See *Schwartz* v. *Wells* [1982], 5 Ohio App. 3d 1; see, also, McCormick, Evidence [2 Ed. Cleary Ed. 1972] 89, Section 43.) We reject the rigidity of *Harper* v. *State* (1922), 106 Ohio St. 481, cited by appellant in this regard.

Appellant argues that, since the credibility of Cozart was critical to the defense, the admission of collateral evidence concerning Cozart's conviction was reversible error. We disagree. Although the form of the prosecutor's questions was an improper implementation of the rule, defense counsel was given ample opportunity to cross-examine the witness on his prior conviction and the collateral matters raised. We find that any error in permitting the prosecutor's extensive inquiry was not substantially prejudicial to appellant's due process rights.

This assignment of error is not well-taken.

### III

Appellant raises the issue of the burden of proof on the defense of self-defense in his third assignment of error. R.C. 2901.05(A) provides:

"(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all

---

[4] Evid. R. 608(B) provides in pertinent part:

"(B) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. * * *"

[5] Evid. R. 609(A) provides:

"(A) General rule. For the purpose of

attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance."

elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."

Appellant maintains that he shot Cozart in self-defense. Self-defense, an affirmative defense, is included within the ambit of this statute. *State* v. *Robbins* (1979), 58 Ohio St. 2d 74 [12 O.O.3d 84].

In *State* v. *Frost* (1979), 57 Ohio St. 2d 121 [11 O.O.3d 294], the Ohio Supreme Court upheld the constitutionality of requiring defendant to prove an affirmative defense by a preponderance of the evidence.

This court has followed the mandate of *Frost,* holding that it is not unconstitutional to place the burden of proof for an affirmative defense such as self-defense upon the defendant. See *State* v. *Michailides* (May 26, 1983), Cuyahoga App. No. 45514, unreported; *State* v. *Vance* (June 3, 1982), Cuyahoga App. No. 44183, unreported; *State* v. *Slocum* (May 27, 1982), Cuyahoga App. No. 44131, unreported; *State* v. *Townes* (July 22, 1982), Cuyahoga App. No. 44038, unreported.

We find that proof of self-defense does not negate the elements of felonious assault which the state is required to prove beyond a reasonable doubt and consequently the burden of proving self-defense is properly placed upon defendant.

This assignment of error is not well-taken.

This cause is reversed and remanded for new trial.

*Judgment reversed and cause remanded.*

DAY, C.J., concurs.

PATTON, J., dissents.

PATTON, J., dissenting. I respectfully dissent from the majority opinion.

The crux of the court's holding in Part I of its opinion is that the trial judge impermissibly inferred that the appellant's absence on the fourth day of trial was voluntary. I disagree for the following reasons.

An accused's right to be present at his trial may be waived. Where I take issue is the majority's misplacement of the burden in the event of a defendant's absence. I believe the law places on the defendant the duty to justify his absence once his knowledge of the trial court's scheduling date and time is shown. See *State* v. *Tacon* (Ariz. 1971), 488 P. 2d 973; *State* v. *Taylor* (Ariz. 1969), 451 P. 2d 312. Furthermore, a defendant's continued absence coupled with his failure to notify the court and provide it with adequate explanation therefor constitutes waiver of his rights. See, *e.g.,* *Taylor* v. *State* (Ind. App. 1978), 383 N.E. 2d 1068. A review of the trial court's decision to resume the trial under such circumstances should be limited to questioning whether an abuse of discretion has occurred. *Id.*

In the instant case, the appellant was present on the first day of trial. The record reflects that he was apprised of the court's intention to proceed the following day at 8:30 a.m. The judge waited thirty-five minutes after the scheduled time before commencing in appellant's absence. At some point that day, he did arrive, though the record does not reflect exactly when. At the end of the trial's third day, the judge stated that proceedings would commence the next day at 8:45 a.m. At 9:21 a.m. the following day, the judge noted the appellant's absence, and the colloquy quoted in the majority opinion took place. The appellant never showed on this fourth day of trial, nor was the judge, any officer of the court, or appellant's attorney informed at this time

of any reason for the appellant's absence.

In the circumstances present here, I believe it was incumbent upon the appellant to inform, at the least, his own attorney so that the latter might relay such information and thereby enable the trial court to make a knowledgeable determination on the issue of the voluntariness of the appellant's absence. In fact, the defendant's own attorney stated to the court: "I don't see any excuse for his absence." Confronted with the appellant's absence for a second time, and not having been apprised of any reason to consider such absence as being anything but voluntary, the trial judge did not err in resuming trial.