OPINION
Defendant-appellant, Luke Farley, appeals his jury conviction in the Clermont County Court of Common Pleas for felonious assault, claiming that his constitutional rights were violated. We affirm.
On December 11, 1993, appellant and his wife, Desiree Farley ("Farley"), attended a Christmas party at the Eastgate Holiday Inn in Clermont County. During the course of the night the parties became intoxicated and began to argue. The record reveals that at this point appellant and Farley's version of the events diverge. Appellant claims that he left the party and Farley chased after him, fell on the ice, and broke her jaw, while Farley claims that appellant punched her in the mouth. In either case, appellant took Farley to the emergency room at Clermont Mercy Hospital where she was diagnosed with a broken jaw. Farley told an emergency room nurse that appellant hit her in the jaw. The nurse encouraged Farley to file a police report but she declined to do so.
During the next six months Farley told both her landlord and her sister-in-law that she sustained her injury by falling on the ice while wearing high-heeled shoes. Later Farley recanted that explanation and filed a felonious assault report against appellant with the Clermont County police.
On June 27, 1994, appellant was arrested for assaulting Farley. On August 17, 1994, appellant was indicted for felonious assault in violation of R.C. 2903.11(1) with a specification of a prior conviction for felonious assault. On November 25, 1997, a jury trial was held in which the jury found appellant guilty as charged. On December 30, 1997, the trial court sentenced appellant to twelve to fourteen years, with twelve years of actual incarceration.
Appellant filed a timely notice of appeal and asserts four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT REFUSED TO PERMIT VITAL IMPEACHMENT EVIDENCE PERTAINING TO THE PROSECUTION WITNESS, WHO WAS THE SOLE WITNESS TO THE ALLEGED ASSAULT.
In his first assignment of error, appellant argues that his due process rights were violated and he was denied a fair trial because he was not allowed to introduce extrinsic evidence to impeach Farley. Appellant claims that there are three specific `other acts' that he should have been permitted to introduce into evidence to illustrate Farley's motive to fabricate the charges against appellant. Specifically, appellant makes three arguments which contend that he should have been able to ask Farley about: (1) her alleged alcohol abuse, (2) her attempt to dismiss the felonious assault charges, and (3) the fact that she made threats to "get" members of appellant's family.[1] We find the trial court's exclusion of such `other acts' evidence was proper.
Under Evid.R. 616, any witness can be impeached by a showing of prejudice, bias, or interest through examination or by extrinsic evidence. The impeachment evidence must be relevant as required by Evid.R. 402. However, relevant impeachment evidence can be excluded by the trial court if "its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence" pursuant to Evid.R. 403(B).
It is within the trial court's sound discretion to determine whether evidence is relevant, and whether even relevant evidence should be excluded. State v. Sage (1987), 31 Ohio St.3d 173. The trial court's decision will be reversed only upon a finding that the trial court abused its discretion. State v. Allen (1985),73 Ohio St.3d 626. An abuse of discretion means more than an error of law or judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
In reviewing appellant's first argument, we find that whether Farley had an alcohol problem or not bears no relevancy to the material issue of whether a felonious assault occurred, or whether Farley had a motive to "get" appellant or members of his family. Therefore, such evidence is irrelevant and inadmissible pursuant to Evid.R. 403. We find that the trial court's decision to exclude Farley's alleged alcohol abuse was not arbitrary, unreasonable, or unconscionable.
Appellant asserts in his second argument that he should have been allowed to ask Farley about her attempt to drop the felonious assault charges. Appellant claims that this was for the purpose to show that it was part of Farley's "intentional plan to fabricate evidence against [d]efendant and his family to obtain revenge".
Appellant's ability to cross-examine witnesses as to specific conduct is not absolute; it is limited within the trial court's discretion. See, generally, State v. Jurek (1989), 55 Ohio App.3d 70. Further, "the admission of any collateral evidence which relates to the credibility of a witness' testimony lies within the discretion of the trial court." State v. Kirkland (1984),18 Ohio App.3d 1, 4.
At trial, appellant was able to elicit sufficient "motive" evidence to support his claim that Farley fabricated the felonious assault charges. Appellant was allowed to cross-examine Farley as to whether she made threats to appellant to "get" him. Appellant was allowed to tell the jury, through Farley's testimony, that Farley brought the felonious assault charges against appellant after they had a fight and filed for divorce. Appellant was allowed to ask Farley about the inconsistent statements she made to others claiming that she broke her jaw when she fell on the ice, not as a result of appellant hitting her in the mouth. In addition, appellant's sister, Francis testified about her personal knowledge as to whether Farley threatened her and whether Farley threaten to "get" appellant.
Based upon the proceedings, we find that appellant was allowed to present sufficient "motive" evidence and any additional evidence to support his claim that Farley had a plan to seek revenge would have been cumulative. Therefore, the trial court's decision to exclude evidence as to Farley's attempt to drop the felonious assault charges was not arbitrary, unreasonable or unconscionable.
In appellant's third argument, he claims that he should have been allowed to "elicit testimony that she [Farley] had made a similar threat against his sister at the same time, and had attempted to carry out the threat by having her arrested on false charges." Appellant apparently wanted to introduce evidence that Farley filed charges against appellant's sister, Francis.
The record is unclear, but it appears that Farley did file charges against Francis. A bond hearing was held at which Francis appeared, but then the charges were dismissed. As the parties left the courtroom, appellant claims that Farley threatened Francis' life. However, the prosecutor claimed that he had a witness that would dispute that such a threat occurred. The trial court held that such a threat illustrated Farley's bias toward Francis, not appellant, and excluded such evidence because it was irrelevant. Since the alleged threat did not involve appellant, and the record does not indicate that Francis was harassed as a means to "get" appellant, we agree that such evidence is irrelevant. Further, we find that such evidence relates to collateral matters, and could have been properly excluded on that basis as well.
Based upon the foregoing, we hold that the trial court's decision to exclude the three "specific acts" was not an abuse of discretion. Therefore, appellants first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT CHARGED THE JURY THAT DEFENDANT'S FAILURE TO APPEAR AT A PREVIOUS HEARING COULD BE CONSIDERED BY THEM AS EVIDENCE OF GUILT.
In his second assignment of error, appellant argues that his constitutional rights were violated when the trial court instructed the jury that it could consider appellant's failure to appear at a previous hearing as evidence of guilt. We disagree.
In the present case, appellant stipulated that he was advised of his December 2, 1994 bond hearing and his February 8, 1995 trial date, and he failed to appear before the court for both. Further, appellant stipulated that he did not return to the jurisdiction until June 10, 1997 when he was arrested on a bench warrant. Appellant claims that the stipulation was made for the limited purpose to show the defendant's mental state. Therefore, pursuant to Evid.R. 404(B), appellant argues that it should not be considered as evidence of guilt because it is `other acts' evidence excluded by Evid.R. 404(B). However, "many acts of the defendant after the crime seeking to escape the toils of the law are uncritically received as admissions by conduct constituting circumstantial evidence of consciousness of guilt and hence of the fact of guilt itself." State v. Behun (Sept. 20, 1985), Portage App. No. 1490 unreported, at 3, citing McCormick, Evidence (2d Ed. Cleary. 1972) 655, Section 271.
In addition, it is well-established that a trial court may instruct a jury that an accused's flight from the jurisdiction may be considered evidence of his "consciousness of guilt." State v. Eaton (1969), 19 Ohio St.2d 145, 160, paragraph six of the syllabus; State v. Williams (1997), 79 Ohio St.3d 1; State v. Branscome (Feb. 18, 1992), Clermont App. No. CA91-07-045, unreported, at 11.
Therefore, it is clear from the preceding, that an instruction which permits a jury to consider appellant's flight from the law as consciousness of guilt is proper and constitutionally valid. Therefore, we do not find that an instruction about appellant's flight from the jurisdiction is barred from Evid.R. 404(B). Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT OVERRULED COUNSEL'S OBJECTION TO COMMENTS IN CLOSING ARGUMENT DESIGNED TO DRAW THE JURY'S ATTENTION TO DEFENDANT'S FAILURE TO TESTIFY AND TO IMPLY THAT THE BURDEN OF PROOF HAD SHIFTED TO DEFENDANT.
In his third assignment of error, appellant argues that his constitutional rights were violated when the prosecutor made improper comments about appellant's decision not to testify and improperly implied that the burden of proof shifted to appellant during closing arguments. We disagree.
The Fifth Amendment of the U.S. Constitution provides that every defendant enjoys the right not to testify at trial. Wainwright v. Greenfield (1986), 474 U.S. 284, 106 S.Ct. 634
(extending the right to remain silent at trial). The privilege against selfincrimination guarantees to the individual the right "to remain silent, unless he chooses to speak in the unfettered exercise of his will" during his day in court. Miranda v. Arizona (1966), 384 U.S. 436, 460, 86 S.Ct. 1602, 1620; State v. Stephens (1970), 24 Ohio St.2d 76. Therefore, the prosecution cannot create an improper inference of guilt by referring to defendant's decision not to testify. State v. Heinrich (Apr. 29, 1991), Butler App. No. CA90-09-201, unreported. However, a passing reference to defendant's silence is insufficient to find that the prosecutor created an improper influence. See, e.g., State v. Roy (Sept. 28, 1998), Butler App. No. CA97-11-216, unreported (discussing a reference to post-Miranda silence).
In the present case, appellant claims there were two specific comments made by the prosecutor that reference appellant's decision not to testify. During closing arguments, the prosecutor made an issue out of the fact that appellant fled the jurisdiction. At which point, the prosecutor asked the jury:
 If she [Farley] is trying to wrongfully steal his freedom, how would an innocent person in his situation feel? This is an injustice. This cannot and will not happen. Give me my day in court.
 This is an injustice * * * I [referring to appellant] want my day in court. I want to confront her in court. I want to show you she is lying. What evidence do you have telling you when she fell, how she fell, why she fell, where she fell, what she hit. You don't have anything, anything.
These comments do not directly reference appellant's decision not to testify. Rather, such comments merely asked the jury to view appellant's conduct of avoiding the law as an act of guilty consciousness.
Next, appellant contends that the prosecutor improperly shifted the burden of proof to appellant when the prosecutor stated:
 He [appellant] owes you, the jury, an obligation to present some evidence to support that. And if he cannot do that, ladies and gentlemen, that should be considered by you as an indication of the strengths of their theory.
Preceding that statement, the prosecutor reminded the jury that appellant told them in opening statements that appellant would prove that Farley broke her jaw because she fell on the ice. The prosecutor stated that if the appellant is going to assert a theory of how the injury occurred, appellant had an obligation to the jury to prove what he promised.
Upon review of the record, we find that appellant has mistakenly usurped the prosecutor's comments from the transcript to support his argument that his Fifth Amendment rights were violated. Initially, we note that the prosecutor affirmatively stated that he bore the burden of proving appellant committed the crime. Furthermore, we find that the prosecutor's comments regarding appellant's theory were proper and did not violate appellant's constitutional rights. Therefore, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT DENIED COUNSEL'S MOTIONS FOR A VERDICT OF ACQUITTAL, AND AGAIN WHEN IT ACCEPTED AND JOURNALIZED VERDICTS OF GUILTY WHICH WERE NOT SUPPORTED BY RELEVANT AND CREDIBLE EVIDENCE.
In his fourth assignment of error, appellant argues that there is insufficient evidence to support his conviction. We disagree.
In reviewing the sufficiency of the evidence, the appellate court must:
 [E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; State v. James (Nov. 2, 1995), Cuyahoga App. No. 68496, unreported, at 2.
A conviction will not be reversed so long as there is competent and credible evidence to support all the essential elements of the crime. Cohen v. Lamko (1984), 10 Ohio St.3d 167. The weight given to the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230. For an appellate court to substitute its judgment for that of the trier of fact would result in an abuse of discretion. State v. Nicely (1988), 39 Ohio St.3d 147.
In the present case, the elements of felonious assault are to knowingly cause serious physical harm to another. The prosecution's case is based upon Farley's testimony. Farley testified appellant intentionally hit her across the face, thereby breaking her jaw. However, appellant claims that he did not strike her and that her serious injury was a result of her falling down on the ice. The fact that there is conflicting testimony as to how Farley received her injury is not sufficient to establish an insufficient evidence claim. The jury is charged with weighing the evidence and the credibility of Farley and appellant. The jury chose to believe Farley over appellant.
We find that if Farley's testimony is believed, there is sufficient evidence to establish that appellant knowingly caused physical harm to Farley. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Appellant claims that he did not offer the three specific acts to attack or to support Farley's character for truthfulness; rather, he offered them as motive evidence as allowed under Evid.R. 404(B). Since we hold that these acts were properly excluded on other grounds, we will not address whether these acts fall under Evid.R. 404(B).